UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No. 12-CR-20287

v.

                                      HON. MARK A. GOLDSMITH

ALEXANDRA NORWOOD, et al.,

        Defendants.
_____/

## ORDER DENYING
## DEFENDANT CUNNINGHAM'S MOTION TO STRIKE (Dkt. 237)

Before the Court is Defendant Sean Cunningham's motion to strike an alias referenced in the controlling indictment that refers to him as "Lil Hitman." Def.'s Mot. to Strike (Dkt. 237).[1] The Government filed a response in opposition (Dkt. 278) and oral argument was heard on October 16, 2013. For the reasons stated below, the Court denies the motion.

Cunningham argues that reference to the alias of "Lil Hitman" is prejudicial because he is charged with two counts of attempted murder and use and discharge of a firearm during and in relation to a crime of violence. Def.'s Mot. ¶ 3. Cunningham also asserts that the use of the alias is unnecessary for his identification at trial. Def.'s Br. at 2. In response, the Government argues that the alias is relevant and helpful to identify Cunningham's role in the enterprise. Gov't Br. at 2.

The Sixth Circuit "strongly" disapproves of "the practice of including aliases in indictments." United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001). "Only when

---

[1] Joinders/Notices of Concurrence in the motion to strike were filed by Defendants DeClyde Brewton and Leon Gills. Joinders (Dkts. 241 and 274). Although Brewton and Cunningham have since entered into plea agreements, see 10/10/13 Plea Agreement (Dkt. 314) and 11/19/13 Plea Agreement (Dkt. 332), Gills has not and the motion is not moot.

1

proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial." Id. In other words, "the use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged." Id. "[A]s long as the alias assists in identifying the defendant, it is relevant and admissible." United States v. Williams, 158 F. App'x 651, 655 (6th Cir. 2005). When considering whether to allow the use of an alias, courts should consider whether reference to such an alias would be unduly prejudicial. Id.; see United States v. Wilkerson, 456 F.2d 57, 59 (6th Cir. 1972) (finding non-prejudicial error when prosecutor commented in closing argument that "people with nothing to hide do not use aliases").

Here, although Cunningham contested the inclusion of his alias in the indictment, he has pled guilty. Furthermore, Gills, the remaining defendant joining in the motion, has failed to demonstrate how the use of the alias is unduly prejudicial to him. Tellingly, at the motion hearing no defendant offered argument in support of the motion. The lack of demonstrable prejudice provides an adequate basis for the Court to deny the motion. Williams, 158 F. App'x at 655.

Furthermore, the Government's references to its evidence that the alias was used by Cunningham on internet sites lend support to its argument that Cunningham identified himself by the alias. See Gov't Br. at 3-4. It appears that some coconspirators and potential witnesses knew Cunningham by his alias. Id. at 4-5. This evidence makes the inclusion of the alias relevant to identifying Cunningham. Williams, 158 F. App'x at 655.

Accordingly, the Court denies Cunningham's motion to strike (Dkt. 237).

SO ORDERED.

Dated: January 10, 2014  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2014.

   s/Deborah J. Goltz
   DEBORAH J. GOLTZ
   Case Manager